# UNITED STATES DISTRICT COURT
for the
Southern District of California



FILED
MAY 1 6 2018
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

A white/silver Apple iPhone cellular telephone, FCC ID: BCG-E3091A, IC: 579C-E3091A

Case No. 18MJ2517

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A-2, incorporated herein by reference.

located in the ___Southern___ District of ___California___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B-2, incorporated herein by reference

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 USC 841 and 846 | Possession with intent to distribute controlled substance and conspiracy to commit same |

The application is based on these facts:

See attached Affidavit of Special Agent Jordan Wilmes

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Jordan Wilmes, Special Agent DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 5/16/18

*Judge's signature*

City and state: San Diego, CA       Hon. Karen S. Crawford, United States Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Jordan Wilmes, being duly sworn, states:

## I. TRAINING AND EXPERIENCE

1. I am a Special Agent employed by the United States Department of Justice-Drug Enforcement Administration (DEA), and have been so employed for approximately 9 months. I am currently assigned to the DEA San Diego Field Division-San Ysidro Resident Office, in San Diego County, CA as a member of the High Intensity Drug Trafficking Area (HIDTA) unit where the primary focus is major narcotics trafficking investigations.

2. Prior to becoming employed with the DEA, I have approximately 12 years of experience as a sworn peace officer in the city of Lincoln, NE. I have four years of experience as a member of a HIDTA group in Lincoln, NE as well. I have been involved in over one thousand narcotics related arrests, including but not limited to: drug conspiracies, distribution/deliveries, and possession. Furthermore, I have been involved in several hundred undercover operations where I posed as a drug user and/or drug dealer in order to purchase controlled substances from drug dealers.

3. During the course of my duties, I have interviewed or have been present during the interview of hundreds of subjects who have been involved in the usage and/or sales of controlled substances. I have become familiar with the manner in which controlled substances are packaged, marketed, and consumed. I have become familiar with the ordinary meaning of controlled substance slang and jargon, and I am familiar with the manners and techniques of traffickers in controlled substances as practiced locally. I have participated in the service of over one hundred search warrants involving controlled substances, possession of controlled substances, and possession of controlled substances for sale. I have conducted surveillance on numerous occasions where I have observed controlled substances being sold to informants or undercover police officers. I have spoken with numerous informants regarding controlled substance trends. I have

also conducted surveillance on known controlled substance traffickers on numerous occasions.

4. Furthermore, I graduated from a 16-week Nebraska State police Academy (basic law enforcement) in 2006. In October of 2017, I graduated from the 20-week DEA Academy where the primary focus of instruction is investigating narcotics trafficking. Additionally, I have received several hundred hours of supplemental training throughout my law enforcement career in relation to narcotics distribution to include: drug interdiction, undercover operations, surveillance operations, informant handling, and search warrant writing. I have testified in state and federal court in excess of 100 occasions in relation to drug violations and drug distribution cases.

5. Based upon my training and experience, and consultations with law enforcement officers experienced in narcotics trafficking and smuggling investigations, and all the facts and opinions set forth in this affidavit, I submit the following:

  a. Drug traffickers will use cellular telephones because they are mobile and they have instant access to telephone calls, text, web, and voice messages.

  b. Drug traffickers will use cellular telephones because they are able to actively monitor the progress of their illegal cargo while the conveyance is in transit.

  c. Drug traffickers and their accomplices will use cellular telephones because they can easily arrange and/or determine what time their illegal cargo will arrive at predetermined locations.

  d. Drug traffickers will use cellular telephones to direct drivers to synchronize an exact drop off and/or pick up time of their illegal cargo.

  e. Drug traffickers will use cellular telephones to notify or warn their accomplices of law enforcement activity to include the presence and posture of marked and unmarked units, as well as the operational status of checkpoints and border crossings.

2

    f.    Drug traffickers and their co-conspirators often use cellular telephones to communicate with load drivers who transport their narcotics and/or drug proceeds.

## II.   PURPOSE OF AFFIDAVIT

6.   This affidavit supports an application for a warrant to search and seize evidence from the following target telephones, as more fully described in Attachments A-1, A-2, and A-3 (collectively, the "**Target Telephones**"):

    a.    A silver Samsung cellular telephone, FCC ID: A3LSMJ327P, DEC: 089162138401337472 seized from Jose MALACARA upon his arrest on April 18, 2018 ("**Target Telephone 1**");

    b.    A white/silver Apple iPhone cellular telephone, FCC ID: BCG-E3091A, IC: 579C-E3091A, seized from Jose MALACARA upon his arrest on April 18, 2018 ("**Target Telephone 2**").

    c.    A pink Apple iPhone cellular telephone, FCC ID: BCG-E3087A, IC: 579C-E3087A, seized from Estefania MORENO upon her arrest on April 18, 2018 ("**Target Telephone 3**").

7.   Based on information below, I have probable cause to believe that the **Target Telephones** contain evidence of a crime, fruits of a crime, and/or property designed for use, intended for use, or used in committing a crime. I have probable cause to believe that within the above property is evidence of violation of title 21 U.S.C. §§ 841(a)(1) and 846 – possession of a controlled substance with the intent to distribute, and conspiracy to commit the same. The evidence to be searched for and seized is described in Attachments B-1 through B-3, incorporated herein.

8.   The following is based on my own investigation and the investigation of other law enforcement officers. Since this affidavit is for a limited purpose, I have not included every fact I know about this investigation. I set forth only facts necessary to

3

establish foundation for the requested warrants. Conversations and discussions below are set forth in substance unless noted. Dates, times, and amounts are approximate.

### III.   FACTS SUPPORTING PROBABLE CAUSE

9. On April 18, 2018, at approximately 6:10 pm, United States Border Patrol (USBP) Agents observed a 2012 Gray Volkswagen with California plates – 6UFS383 traveling northbound on Interstate 15, near Temecula, CA. At approximately 6:25 pm, USBP Agents observed suspicious behavioral patterns from the driver and passenger of the vehicle consistent with narcotics smuggling activities. USBP Agents conducted a vehicle stop to further investigate the vehicle and its occupants.

10. USBP Agents made contact with the occupants of the vehicle who were identified as Estefania MORENO (driver), and Jose MALACARA (passenger). MORENO, and MALACARA provided inconsistent statements regarding the vehicle, and their travel plans. USBP Agents obtained consent to search the vehicle from MORENO and MALACARA. Also during this time, a USBP drug detection canine was requested to assist with the vehicle stop. Agents located a wrapped gift in the trunk of the vehicle, which was removed and placed away from the vehicle. The USBP drug detection canine conducted a narcotics sniff on the package and alerted for the presence of narcotics in, or around the package. USBP Agents opened the wrapped package, which contained toaster oven. Inside of the toaster oven, agents found approximately 7 pounds of a substance, later confirmed to be cocaine, a Schedule II Controlled Substance, concealed inside of the toaster oven.

11. MALACARA and MORENO were arrested for transportation of controlled substances, in violation of California drug offenses. The **Target Telephones** were seized from MALACARA and MORENO.

//
//
//

4

## IV. PROCEDURES FOR ELECTRONICALLY STORED INFORMATION

12. It is not possible to determine, merely by knowing the cellular telephone's make, model and serial number, the nature and types of services to which the device is subscribed and the nature of the data stored on the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books and can be mini-computers allowing for electronic mail services, web services and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained on the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time and labor intensive and may take weeks or longer.

13. Following the issuance of this warrant, I will collect the subject cellular telephone and subject it to analysis. All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

14. Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including

5

manual review, and, consequently, may take weeks or months. The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days of the date the warrant is signed, absent further application to this court.

## VI.  CONCLUSION

15. Based on the foregoing facts, I believe there is probable cause that MALACARA and MORENO have violated Title 21 U.S.C. §§ 841(a)(1) and 846 – possession of a controlled substance with the intent to distribute, and conspiracy to commit the same and that the **Target Telephones** will yield evidence, fruits, and/or instrumentalities in violation of Title 21 U.S.C. §§ 841(a)(1) and 846 – possession of a controlled substance with the intent to distribute, and conspiracy to commit the same.

16. THERFORE, I request that the court issue a search warrant for the **Target Telephones** to seize the evidence in Attachments B-1 through B-3.

_____
JORDAN WILMES
SPECIAL AGENT
U.S. DRUG ENFORCEMENT ADMINISTRATION

SUBSCRIBED and SWORN to
before me on May 16, 2018.

_____
HONORABLE KAREN S. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

6

# ATTACHMENT A-1

## PROPERTY TO BE SEARCHED

The property to be searched in connection with an investigation of violations of Title 21 U.S.C. §§ 841(a)(1) and 846 – possession of a controlled substance with the intent to distribute, and conspiracy to commit the same is described below:

A silver Samsung cellular telephone, FCC ID: A3LSMJ327P, DEC: 089162138401337472 seized from Jose MALACARA upon his arrest on April 18, 2018 ("**Target Telephone 1**");

Which is currently in possession of the U.S. Drug Enforcement Administration, San Diego, California.

## ATTACHMENT A-2

PROPERTY TO BE SEARCHED

The property to be searched in connection with an investigation of violations of Title 21 U.S.C. §§ 841(a)(1) and 846 – possession of a controlled substance with the intent to distribute, and conspiracy to commit the same is described below:

A white/silver Apple iPhone cellular telephone, FCC ID: BCG-E3091A, IC: 579C-E3091A, seized from Jose MALACARA upon his arrest on April 18, 2018 ("**Target Telephone 2**");

Which is currently in possession of the U.S. Drug Enforcement Administration, San Diego, California.

8

# ATTACHMENT A-3

PROPERTY TO BE SEARCHED

The property to be searched in connection with an investigation of violations of Title 21 U.S.C. §§ 841(a)(1) and 846 – possession of a controlled substance with the intent to distribute, and conspiracy to commit the same is described below:

A pink Apple iphone cellular telephone, FCC ID: BCG-E3087A, IC: 579C-E3087A seized from Estefania MORENO upon her arrest on April 18, 2018 ("**Target Telephone 3**");

Which is currently in possession of the U.S. Drug Enforcement Administration, San Diego, California.

9

## ATTACHMENT B-1

The following evidence to be searched for and seized pertains to violations of Title 21 U.S.C. §§ 841(a)(1) and 846 – possession of a controlled substance with the intent to distribute, and conspiracy to commit the same.

1. Communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

   a. tending to indicate efforts to import controlled substances from Mexico to the United States or to distribute controlled substances;

   b. tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, phone numbers that may contain electronic evidence tending indicate efforts to import controlled substances from Mexico to the United States or to distribute controlled substances;

   c. tending to identify co-conspirators, criminal associates, or others involved in distribution of controlled substances and importation of controlled substances from Mexico to the United States;

   d. tending to identify travel to or presence at locations involved in the distribution of controlled substances or importation of controlled substances from Mexico into the United States, such as stash houses, load houses, or delivery points;

   e. tending to identify the user of, or persons with control over or access to, the subject phone; or

   f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.

# **ATTACHMENT B-2**

The following evidence to be searched for and seized pertains to violations of Title 21 U.S.C. §§ 841(a)(1) and 846 – possession of a controlled substance with the intent to distribute, and conspiracy to commit the same.

1. Communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

    a. tending to indicate efforts to import controlled substances from Mexico to the United States or to distribute controlled substances;

    b. tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, phone numbers that may contain electronic evidence tending indicate efforts to import controlled substances from Mexico to the United States or to distribute controlled substances;

    c. tending to identify co-conspirators, criminal associates, or others involved in distribution of controlled substances and importation of controlled substances from Mexico to the United States;

    d. tending to identify travel to or presence at locations involved in the distribution of controlled substances or importation of controlled substances from Mexico into the United States, such as stash houses, load houses, or delivery points;

    e. tending to identify the user of, or persons with control over or access to, the subject phone; or

    f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.

11

# ATTACHMENT B-3

The following evidence to be searched for and seized pertains to violations of Title 21 U.S.C. §§ 841(a)(1) and 846 – possession of a controlled substance with the intent to distribute, and conspiracy to commit the same.

1. Communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

   a. tending to indicate efforts to import controlled substances from Mexico to the United States or to distribute controlled substances;

   b. tending to identify other facilities, storage devices, or services such as email addresses, IP addresses, phone numbers that may contain electronic evidence tending indicate efforts to import controlled substances from Mexico to the United States or to distribute controlled substances;

   c. tending to identify co-conspirators, criminal associates, or others involved in distribution of controlled substances and importation of controlled substances from Mexico to the United States;

   d. tending to identify travel to or presence at locations involved in the distribution of controlled substances or importation of controlled substances from Mexico into the United States, such as stash houses, load houses, or delivery points;

   e. tending to identify the user of, or persons with control over or access to, the subject phone; or

   f. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.